IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

January 17, 2024 10:12 AM
SCT-Civ-2022-0010
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | | |
|---|---|---|
| **JAHZEEL FENTON,**<br>Appellant/Petitioner,<br><br>v.<br><br>**GOVERNMENT OF THE VIRGIN ISLANDS; PEOPLE OF THE VIRGIN ISLANDS, OFFICE OF THE ATTORNEY GENERAL; WYNNIE TESTAMARK, DIRECTOR OF THE U.S. VIRGIN ISLANDS BUREAU OF CORRECTIONS, ET AL.,**<br>Appellees/Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **S. Ct. Civ. No. 2022-0010**<br>Re: Super. Ct. Crim. No. SX-2019-MC-78 |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Jomo Meade

Considered: October 11, 2022
Filed: January 17, 2024

Cite as: 2024 VI 5

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Jahzeel Fenton**
*Pro Se*
    *Appellant,*


**Denise George, Esq.**
Assistant Attorney General
St. Thomas, U.S.V.I.

**Pamela R. Tepper, Esq.**
Solicitor General
St. Thomas, U.S.V.I.
    *Attorneys for Appellee.*

*Fenton v. Government of the Virgin Islands*     2024 VI 5
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page **2** of **12**

## OPINION OF THE COURT

**SWAN, Associate Justice.**

¶1    Appellant Jahzeel Fenton appeals the Superior Court's denial of his petition for writ of habeas corpus. The petition alleged that suspected critical evidence had been wrongly withheld, the privation of which influenced Appellant to plead *nolo contendere* in a plea agreement which, due to such privation, was not knowing, voluntary, and intelligent. We determine Appellant's claims to be procedurally barred, and we therefore affirm the Superior Court's order denying the Appellant's petition for a writ of habeas corpus.

## I.    FACTS AND PROCEDURAL HISTORY

¶2    On March 19, 2010, Jo Ana Lang (hereinafter "Lang") was gravely injured upon receiving multiple gunshot wounds to the torso. Officers of the Virgin Islands Police Department (hereinafter "V.I.P.D.") arrived at the scene of the crime in response to a report of a domestic violence dispute in Estate Two Williams located on St. Croix. Upon arrival, they observed Jahzeel Fenton (hereinafter "Appellant"), standing over the victim as she lay on the floor with wounds to her back and stomach. Appellant was arrested and subsequently charged by information with six counts which included: (1) attempted murder in the first degree, (2) assault in the first degree— domestic violence, (3) unauthorized possession of a firearm, (4) mayhem, (5) discharging or aiming a firearm, and (6) simple assault and battery—domestic violence. (App'ee Br. at 4). All six counts emanated from the shooting and injury of Lang. (App'ee Br. at 5). Because of allegations that Lang's children were present during the shooting, the People of the Virgin Islands (hereinafter "Government") later filed a superseding information adding four counts of child abuse. (S.A. at 5).

*Fenton v. Government of the Virgin Islands*          2024 VI 5
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page 3 of 12

¶3     In the course of discovery, Appellant, through his counsel, requested production of a separate bullet trajectory report or analysis, which lies at the core of this appeal. Appellant based his request on an assertion made in the crime scene evidence report prepared by Linda Pascal (hereinafter "Pascal"), a forensic technician with V.I.P.D., who processed the crime scene on the day of the shooting. The report stated that "a trajectory was then completed." (App. Br. at 3). On February 18, 2016, Appellant filed in the Superior Court a motion to compel discovery due to the Government's failure to produce the alleged independent bullet trajectory report requested. On March 1, 2016, the court granted the Appellant's motion in an order giving the Government 14 days to deliver to Appellant any "bullet trajectory analysis and/or report." (App. Br. at 4). The trial was scheduled for August 15, 2016.

¶4     After failing to receive the requested discovery, on June 27, 2016, Appellant filed a motion to dismiss the case pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), asserting that the Government was withholding exculpatory evidence because it failed to comply with its discovery obligations by failing to provide the alleged bullet trajectory analysis report. The court conducted a final pretrial conference on August 8, 2016, during which it heard arguments on Appellant's motion to dismiss. During the conference, the Government asserted through Assistant Attorney General Zuleyma Chapman (hereinafter "Chapman") that the alleged bullet trajectory report requested by the Appellant did not exist, a declaration that was purportedly confirmed by the author of the investigative report. (S.A. at 27-28). Chapman further asserted that any notes created during the investigation and discoverable documents in the Government's possession had previously been delivered to Appellant's counsel. (S.A. at 28). Ultimately, the court denied Appellant's motion. (App. Br. at 4). However, the court prohibited the Government from using any evidence at trial regarding bullet trajectory that required expert evaluation. (App'ee Br. at 5). Following the court's

*Fenton v. Government of the Virgin Islands*     2024 VI 5
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page 4 of 12

ruling at the final pretrial conference, Appellant's counsel informed the court that a plea agreement had been consummated between the Appellant and the Government. Pursuant to the plea agreement, the Appellant entered a plea of "No Contest" to assault in the first degree with domestic violence, designated as count 2 of the superseding information, with all other counts in the superseding information were to be dismissed. (App. Br. At 4). On July 26, 2017, based on this plea, the court sentenced Appellant to 20 years of incarceration.

¶5     The Appellant began his initial challenge to his imposed sentence on August 7, 2017, when he appealed to this Court, averring that "his plea of no contest was not knowing, voluntary, and intelligent because the Superior Court gave him a sentence to which he did not acquiesce." *Fenton v. People*, 69 V.I. 889, 894 (V.I. 2018). Appellant premised his argument on the contention that the Superior Court violated former Superior Court Rule 126[1] and should have "(1) given him notice of its intention and (2) a chance to withdraw the plea" before imposing a sentence that was higher than the 10 years recommended in his plea agreement. *Id.* at 897. In our opinion filed on November 16, 2018, this Court affirmed Appellant's convictions, concluding that

> Fenton's plea was knowing, voluntary, and intelligent. The Superior Court adequately advised him that it could sentence him to a maximum of 20 years' imprisonment as well as require him to pay restitution, and Fenton understood those consequences. Moreover, in this case of first impression, we find that under former Superior Court Rule 126, the Superior Court did not have to inform Fenton of its intention to deviate from the plea agreement or allow him the opportunity to withdraw his plea due to its deviation.

---

[1] Former Superior Court Rule 126 provided, in pertinent part:
> A defendant may plead guilty, not guilty or nolo contendere to any complaint or information .... In no case shall the court accept a plea of guilty without first determining if the defendant understands the nature of the charge against him, and that the plea is voluntarily made. The defendant shall be entitled to change a plea of not guilty to guilty at any time before the findings .... Where a plea of guilty is entered, the court may hear the witnesses in support of the complaint prior to judgment and sentence, and after such hearing, may, in its discretion, refuse to accept the plea.

This rule was superseded effective December 1, 2017, when the current rule governing pleas, Rule 11 of the Virgin Islands Rules of Criminal Procedure, came into effect.

*Fenton v. Government of the Virgin Islands*          2024 VI 5
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page 5 of 12

*Id.* at 902.

¶6     On September 18, 2019, Appellant filed *pro se* a petition for a writ of habeas corpus in the Superior Court. The matter was subsequently referred to the Magistrate Division on March 26, 2020, pursuant to §4 V.I.C. § 123(b)(2), to make factual findings, conclusions of law, and recommendations pertaining to Appellant's claim and his eligibility for a writ of habeas corpus. Although a hearing was conducted on August 7, 2020, the Magistrate Division failed to issue a written order memorializing its findings. On April 29, 2021, following review, the Superior Court held that the Appellant had presented a prima facie case. Consequently, it granted Appellant's petition. (S.A. at 04). However, the court prohibited Appellant from challenging the legality of his plea on the basis that it violated Rule 126, as that claim was previously addressed on its merits by this Court and therefore was procedurally barred. The Government filed its return to Appellant's petition for a writ of habeas corpus on May 19, 2021, followed by Appellant's traverse filed on June 29, 2021.

### A. Writ of Habeas Corpus Evidentiary Hearing

¶7     On June 29, 2021, the Superior Court held an evidentiary hearing addressing the remaining assertions in Appellant's petition for a writ of habeas corpus. During the hearing, Appellant was able to not only testify on his own behalf but also to submit exhibits for the court to consider in its review of his petition. (*See generally* S.A.). The crux of Appellant's argument to the court focused on the investigation of the crime scene on the night of the crime and thereafter. Appellant emphasized the language in the comprehensive narrative of the crime scene evidence report, specifically the statement that a "trajectory was completed." (S.A. at 66). Appellant contends that the notion that a separate report of the bullet trajectory analysis was not completed is "ethically

*Fenton v. Government of the Virgin Islands*     2024 VI 5
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page 6 of 12

impossible" and would show the "implausibility of the Government's theory." (S.A. at 31). Appellant asserts that this crime scene report is exculpatory evidence, thus triggering his rights under the *Brady* decision. More specifically, Appellant contends that producing this report would have revealed that the victim shot herself, and Appellant's acquisition of the report prior to his plea would have led him not to enter a plea of *nolo contendere*. (S.A. at 41).

¶8      Appellant buttresses this argument with claims of additional asserted constitutional violations, including: (1) that the Government failed to ensure forensic technician Linda Pascal's presence at the final pretrial conference or at the habeas corpus evidentiary hearing, (2) that the V.I.P.D. violated a federal consent decree requiring the police force to conduct a three-part ballistic analysis which would have included a separate bullet trajectory report, and (3) that the Government was under a duty to test the items retrieved from Appellant upon his arrest for gunshot residue, and the return of those items without this testing not only violated his rights but supports Appellant's contention that the Government only sought to advance its theory of the case rather than to advance justice (*See* S.A. at 43).

¶9      In response to this argument, the Government asserted that the mere mention of "a trajectory being completed" does not equate to a representation that a separate report was created. (S.A. at 66). The Government notes that the crime scene evidence report makes no mention of a separate report or any other independent report whatsoever, and that simply mentioning "a trajectory being completed" does not inherently denote that a report was done. (S.A. at 67). In its closing argument, the Government underscored that no report outside of the crime scene evidence report exists and that all existing evidence was tendered to Appellant's counsel at the time of Appellant's plea. (S.A. at 66-67). Furthermore, the Government contended that Appellant's *nolo contendere* plea was undertaken knowingly and voluntarily – thus waiving any of the constitutional

*Fenton v. Government of the Virgin Islands*  2024 VI 5
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page 7 of 12

challenges he currently asserts. (S.A. at 67). The Government emphasized not only in its closing, but also in the cross-examination of the Appellant, that although Appellant emphasizes his inability to address Pascal in his argument before the court, it was his plea that waived that right, together with other rights such as the right to a jury trial and right to cross-examine the Government's witnesses who would have been called to testify at trial. (S.A. at 67).

¶10     Throughout the course of the hearing and in order to support his claim, Appellant moved three exhibits into evidence for the court's consideration. Those exhibits included: (1) a DNA lab analysis report, (2) a record of property received report, and (3) a medical chronology report pertaining to the victim. (S.A. at 13-14). The court took judicial notice of the crime scene evidence report on behalf of Appellant. (S.A. at 63). The Government also moved into evidence exhibits to support its opposition, which included the plea agreement and a copy of the change-of-plea pretrial conference hearing transcript. (S.A. at 15). During the habeas corpus evidentiary hearing, the court gave the Appellant *pro se* leniency[2] and asked a number of clarifying questions to ensure that the Appellant's contentions were clearly understood by the court. (*See generally* S.A.). Ultimately, the court denied Appellant's petition for a writ of habeas corpus, and memorialized its decision in an October 15, 2021 order. The court anchored its holding on two main conclusions: that the Appellant failed to establish the existence of the alleged undisclosed evidence and that the Appellant's "no contest" plea negated his claim of a due process violation. On March 3, 2022, the Appellant filed a notice of appeal.[3] For the reasons explicated below, we affirm the Superior

---

[2] *Weary v. Long Reef Condo. Ass'n*, 57 V.I. 163, 167 (V.I. 2012); *Kutska v. California State College*, 564 F.2d 108, 111 (3d Cir. 1977) (elaborating that leniency is given since pro se litigants are "typically not conversant with the rules governing appeals").

[3] *Rodriguez v. Bureau of Corrections*, 58 V.I. 367, 374 n.6 (V.I. 2013).

*Fenton v. Government of the Virgin Islands*
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page 8 of 12

2024 VI 5

Court's order denying the Appellant's petition for a writ of habeas corpus, though for different reasons than those elucidated by that court.[4]

## II.    DISCUSSION

### A.    Jurisdiction and Standard of Review

¶11    This Court has jurisdiction over this matter pursuant to Title 4, section 32 of the Virgin Islands Code. Under Section 32, this Court is granted jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court[.]" V.I. CODE ANN. tit. 4, § 32(a). A final order is a judgment from a court which concludes the litigation on the merits, leaving nothing for the court to do but to execute the judgment. *Williams v. People*, 55 V.I. 721, 727 (V.I. 2011); *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (citing *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)). "An order denying a petition for a writ of habeas corpus is a final order ... from which an appeal may lie." *George v. Wilson*, 59 V.I. 984, 988 (V.I. 2013) (quoting *Suarez v. Gov't of the V.I.*, 56 V.I. 754, 758 (V.I. 2012)). Since the Superior Court's October 15, 2021 order denied Appellant's petition for a writ of habeas corpus, we have jurisdiction over this matter. "We exercise plenary review over constitutional challenges." *Fenton*, 69 V.I. at 894 (citing *Browne v. People*, 56 V.I. 207, 217 (V.I. 2012)). Furthermore, the Superior Court's application of law is reviewed *de novo* while the court's findings of fact are reviewed for clear error. *Fenton*, 69 V.I. at 894 (citing *Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010)).

---

[4] "It is well established that, under the 'right result, wrong reason' doctrine, where the record otherwise supports the trial court's judgment, an appellate court may affirm that judgment for reasons other than those relied upon by the trial court, even if the trial court's reasons are erroneous." *Antilles School, Inc. v. Lembach*, 64 V.I. 400, 438 n.23 (V.I. 2016) (citing cases).

*Fenton v. Government of the Virgin Islands*     2024 VI 5
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page 9 of 12

### B.     Writ of Habeas Corpus

¶12     In the Virgin Islands, relief in the form of habeas corpus derives from the guarantee found in section 3 of the Revised Organic Act of 1954, which states that "[a]ll persons shall have the privilege of the writ of habeas corpus and the same shall not be suspended except as herein expressly provided." 48 U.S.C. § 1561.   In accordance with the Virgin Islands habeas corpus statute, "[e]very person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." 5 V.I.C § 1301.   "'[G]ranting the writ of habeas corpus ... constitutes an intermediate step in the statutory procedure'—it does not address the underlying merits of the petition's allegations, nor does it entitle the petitioner to the ultimate relief sought in the petition." *Blyden*, 64 V.I. at 376 (quoting *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 311 (V.I. 2014)). Additionally, "[t]he purpose of the writ of habeas corpus is not to determine guilt or innocence, or to weigh the evidence submitted at trial or to determine the strength of the prosecutor's case" but "to prevent manifest injustice." *Rodriguez v. Bureau of Corrections*, 58 V.I. 367, 376 (V.I. 2016). In reviewing the Appellant's petition, we conclude that Appellant has failed to show entitlement to habeas relief.

### C.     Appellant's Claims are Procedurally Barred

¶13     The function of a plea in the criminal justice system is merely to provide one method of conviction which may conclude a criminal matter.   The United States Supreme Court has noted that "[t]his mode of conviction is no more foolproof than full trials to the court or to the jury. Accordingly, we take great precautions against unsound results, and we should continue to do so, whether conviction is by plea or by trial." *Tollett v. Henderson*, 411 U.S. 258, 263 (1973). Typically, when entering a plea, a defendant partakes in a two-part consideration: first the

*Fenton v. Government of the Virgin Islands*     2024 VI 5
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page 10 of 12

acknowledgement of guilt, and second, the waiver of trial and the rights that accompany it. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970). As pertains to *nolo contendere* pleas, it is important to recognize that implicit in this procedure is "a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling to expressly admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." *Id.* Moreover, these types of pleas function as guilty pleas and allow the court to treat the defendant as if he were guilty. *Id.* at 37.

¶14     As this Court has stated,

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*Elliott v. Gov't of the V.I.*, 60 V.I. 702, 707 (V.I. 2014) (citing *Tollett*, 411 U.S. at 267). The habeas petition now before this Court is not Appellant's first, but rather his *second* attack on the voluntary and intelligent character of his plea. In his direct appeal in 2018, Appellant argued that his plea was not knowing, voluntary and intelligent as he had relied upon the recommended sentence from his plea agreement of 10 years, stating that he would not have acquiesced had he known that the trial judge was going to sentence him to 20 years, despite having been informed that a 20-year sentence was a possible outcome. *Fenton*, 69 V.I. at 902. Now, he argues that his plea was not knowing, voluntary and intelligent due to the wrongful withholding of suspected critical evidence. In doing so, Appellant is merely "attempting to recycle his past unsuccessful appeals but with new vestments." *Elliott*, 60 V.I. at 706. His arguments have changed, yet the issue they support

*Fenton v. Government of the Virgin Islands*      2024 VI 5
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page 11 of 12

remains the same, and issues already considered and rejected by this Court on the merits on direct appeal may not be relitigated through a habeas petition. *Blyden*, 64 V.I. at 377.

¶15    Appellant had the opportunity on direct appeal to make any and all arguments he could think of to support his claim that his plea was not knowing, voluntary and intelligent. The fact that he failed to exhaust his potential arguments in that instance does not give him the right to relitigate the same issue with novel arguments in a petition for writ of habeas corpus. *See id.* at 378 ("This Court's rejection of an issue properly raised on direct appeal constitutes binding precedent on both this Court and the Superior Court in all subsequent cases, particularly with regard to the same party raising the same issue through a collateral proceeding such as a petition for a writ of habeas corpus.") (citing *Bryan v. Fawkes*, V.I. 416, 457 (V.I. 2014)). Upon review, therefore, this Court upholds the trial court's order denying the Appellant's petition for a writ of habeas corpus, though we hold that the trial court should have denied the petition because Appellant's claims were uniformly procedurally barred.

## III.    CONCLUSION

¶16    We hold that the Superior Court did not err in denying the Appellant's petition for a writ of habeas corpus, though not for the reasons elucidated by the court. Appellant's claims were procedurally barred, as he had raised the same claims on his direct appeal, which claims were rejected by this Court in its opinion concerning that appeal, *Fenton*, 69 V.I. 889. Accordingly, the Superior Court should not have considered the claims of Appellant's habeas petition but rather denied the petition on the grounds that the claims were procedurally barred. However, we support and affirm the court's final determination in its October 15, 2021 order: Appellant's petition for a writ of habeas corpus is denied.

*Fenton v. Government of the Virgin Islands*
S. Ct. Civ. No. 2022-0010
Opinion of the Court
Page **12** of **12**

2024 VI 5

Dated this **17th day of January, 2024.**

BY THE COURT:

IVE ARLINGTON SWAN
**Associate Justice**

ATTEST:
**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By:
**Deputy Clerk II**

Date: January 17, 2024